# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | Case No. 1:17CR00020-009 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **BRITTANY COCHRAN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Brittany Cochran, Pro Se Defendant.*

The defendant was sentenced by this court to 87 months imprisonment by judgment entered November 1, 2017, following her guilty plea to conspiracy to possess with intent to distribute and distribute methamphetamine. She has now filed a pro se "Motion to Run Concurrent Sentencing." After her sentencing in this court, she was obtained by writ by a Virginia state court to answer for a probation violation and on August 13, 2019, received a sentence of nine months of imprisonment to run consecutive to her present federal sentence. She alleges that because of the pending state sentence, she is unable to participate in the federal Bureau of Prisons' Residential Drug Abuse Program.

It appears from the Presentence Investigation Report ("PSR") in the defendant's case that the state probation violation arose from a 2017 sentence for

distributing methamphetamine on or about May 18, 2016. PSR ¶ 64. She received a suspended sentence of nine months imprisonment, with a term of probation of five years. Because of her later conviction in this court, her suspended sentence was apparently revoked and she was ordered to serve the nine months.

While the state conviction was doubtless relevant conduct to her conspiracy conviction in this court, she was in primary federal custody when sentenced by this court and thus she was required to begin service of her federal sentence. Even if this court could revise its judgment under this collateral attack, it has no power to require that her future state sentence run concurrently with her present incarceration. This case does not present the scenario where a person in primary state custody, but being sentenced by a federal court, is facing a future state sentence not yet imposed. *See Setser v. United States*, 566 U.S. 231, 236–39 (2012); *United States v. Lynn*, 912 F.3d 212, 218 n.2 (4th Cir.), *cert. denied,* 140 S. Ct. 86 (2019). The defendant was in primary federal custody when sentenced and not in primary state custody.

For these reasons, it is **ORDERED** that the defendant's motion, ECF No. 770, is DENIED.

ENTER: December 19, 2019

/s/ James P. Jones
United States District Judge